IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES DANIEL VINSON,

    Plaintiff,

v.

LA CROSSE COUNTY JAIL,

    Defendant.

OPINION & ORDER

Case No. 18-cv-389-wmc

*Pro se* plaintiff James Vinson brings this action under 42 U.S.C. § 1983 against the LaCross County Jail. Vinson claims that the jail violated his constitutional and state law rights when he was an inmate there. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. After review, the court concludes that while plaintiff's complaint is subject to dismissal, he will be given the opportunity to amend his complaint to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

Vinson alleges that between May and October of 2015, he was being held at the La Cross County Jail. Vinson noticed changes in his testicle area, so informed medical staff about (1) abnormal and frequent urination, and (2) uncomfortable pain in that area. Vinson was brought to a medical room in the jail where he met with a nurse. The nurse did not have Vinson submit to a urine or blood tests, or even conduct an exam. Instead,

---

[1] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's complaint and supplement. (Dkt. ##1, 6.)

he was treated for possible epididymitis, receiving a shot and a prescription. When he finished the prescription, he notified medical staff that the shot did nothing for his pain, and subsequently he was told an ultrasound would be scheduled. The ultrasound was completed at Gundersen Health System, a clinic in La Crosse. It appears that Vinson had to undergo a second ultrasound, which showed a mass on his right testis. After removal of the right testis and sperm cord, he was diagnosed with stage one cancer. The day after that diagnosis, Vinson was released from the jail.

OPINION

Plaintiff claims that misdiagnosis and incorrect treatment violated his Eighth Amendment and state law rights, but he may not proceed based on his current allegations. As an initial matter, plaintiff does not explain whether he was a pretrial detainee or a convicted prisoner, which is relevant to the legal standard that governs his claims. If he was a detainee, his claims are governed by the due process clause of the Fourteenth Amendment; if he was a prisoner, then his claim is governed by the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). The Court of Appeals for the Seventh Circuit has concluded that medical care and conditions of confinement claims brought by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, under the standard set forth by the United States Supreme Court in *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). *See Hardeman v. Curren*, 933 F.3d 816, 821-22 (7th Cir. 2019); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Therefore, the failure to provide adequate conditions of confinement violates the Due Process Clause if:

2

(1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353. If plaintiff was a prisoner, then the Eighth Amendment governs his claim, which provides ADD.

To start, the court will accept that plaintiff's cancer constitutes a serious health risk. However, that does not end the inquiry; plaintiff must also allege that jail staff were aware that he was suffering from such a severe condition and knowingly took unreasonable actions in response to that risk. Plaintiff's allegations in this respect do not satisfy the minimal pleading requirements set forth within Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's allegation that a nurse treated him for epididymytis and then, when that treatment did not alleviate his symptoms, referred him for an ultrasound that led directly to proper treatment and diagnosis does not suggest that the nurse (or any other jail staff) responded in a deliberately indifferent, objectively unreasonable, or even negligent, manner to his symptoms. Indeed, plaintiff's symptoms (pain in his testicle area and frequent/uncomfortable urination) are

3

consistent with epididymitis, *see* https://www.mayoclinic.org/diseases-conditions/epididymitis/symptoms-causes/syc-20363853, so the decision to first treat him for that condition appears to be a completely reasonable first intervention.  Then, staff responded to his report that his symptoms persisted appropriately.  Absent good faith allegations that staff either delayed the follow-up treatment or otherwise prevented him from obtaining access, it does not appear that plaintiff can state a constitutional claim.  With some skepticism about whether plaintiff can state a claim for relief, the court will grant him the opportunity to amend his complaint to provide more details about his experience at the jail.  Critical to the court's determination about whether he may proceed against any jail staff, plaintiff should detail exactly when he submitted requests for treatment, when he informed staff that the treatment for epididymytis was ineffective, and when staff sent him for treatment at the clinic.

In preparing his amended complaint, plaintiff must also identify a proper defendant.  The La Crosse County Jail is not a suable entity for purposes of § 1983.  The jail is a building and cannot be sued because it cannot accept service of the complaint. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).  Therefore, such a defendant would include any jail employee that knew that plaintiff has a serious medical need and acted objectively unreasonable or with deliberate indifference (depending on the proper standard). *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.").  If plaintiff does not know the identities of such person or persons, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe"

4

as appropriate. Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

## ORDER

1. Plaintiff James Vinson's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8 and for failing to identify a proper defendant.

2. Plaintiff may have until **June 21, 2021, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 1st day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge